Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 23 2007

at _6_ o'clock and _6_ min. _____ M.
SUE BEITIA, CLERK

U.S.A. vs. <u>LESLIE KAPUALEILANI LUM-KING</u>      Docket No. <u>CR 05-00103SOM-02</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of LESLIE KAPUALEILANI LUM-KING, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 29th day of September 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate and comply with substance abuse treatment, which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to search pursuant to this condition

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her supervised release (Judgment attached) as follows:

1. The subject refused to comply with drug testing on 7/5/2007, 8/2/2007, 8/8/2007, and 8/16/2007, in violation of Special Condition No. 1.



Prob 12C
(Rev. 1/06 D/HI)

2. The subject's urine specimen submitted on 7/9/2007 tested positive for methamphetamine, in violation of the General Condition.

3. The subject's urine specimen submitted on 8/10/2007 tested positive for methamphetamine, marijuana and cocaine, in violation of the General Condition.

4. The subject admitted that on 8/16/2007, 8/17/2007 and 8/18/2007, she smoked methamphetamine and marijuana, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___8/21/2007_____

_____
MARK T. NUGENT
U.S. Probation Officer

Approved by:

_____
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 21st day of August, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **LUM-KING, Leslie Kapualeilani**
       **Criminal No. CR 05-00103SOM-02**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

### Violation No. 1 - Refusal to Comply with Drug Testing on 7/5/2007, 8/2/2007, 8/8/2007 and 8/16/2007:

The subject began her term of supervised release on 3/21/2007. As a special condition of supervised release, the subject was required to undergo substance abuse treatment and testing. The subject began substance abuse testing at Hina Mauka on 3/30/2007.

On 7/6/2007, Hina Mauka reported that the subject failed to appear for urine testing on 7/5/2007. Upon being questioned about the stall, the subject reported that she forgot to call the Hina Mauka phone recorder. The subject was verbally reprimanded for her failure to appear and was warned that future stalls would result in increased sanctions. Additionally, the subject was instructed to report to the U.S. Probation Office on Monday, 7/9/2007, for drug testing.

On 8/2/2007 and 8/8/2007, the subject failed to appear for urine testing at Hina Mauka. Between 8/3/2007 and 8/8/2007, this officer made several unsuccessful attempts to contact the subject on her cellular phone and to locate her at her residence. Finally, on 8/9/2007, the subject called the U.S. Probation Office. Upon being questioned about her failure to appear for urine testing on 8/2/2007 and 8/8/2007, the subject explained that she had been smoking methamphetamine and marijuana off and on for several days. As a result, she did not call the Hina Mauka recorder. The subject was issued a written reprimand and warned that any further stalls would result in the initiation of revocation proceedings. Additionally, the subject was instructed to report to the U.S. Probation Office on 8/10/2007 for drug testing.

On 8/15/2007, the subject was instructed by this officer to report for an office visit and for drug testing at the U.S. Probation Office on 8/16/2007. On 8/16/2007, the subject failed to appear at the U.S. Probation Office and made no efforts to contact this officer. On 8/20/2007, upon being questioned about her failure to appear, the subject admitted that she had returned to abusing methamphetamine and marijuana and forgot to call the Hina Mauka recorder.

### Violation No. 2 - Positive Drug Test for Methamphetamine on 7/9/2007:

On 7/9/2007, the subject submitted a urine specimen at the U.S. Probation Office that was presumptively positive for methamphetamine. The specimen was forwarded to Kroll Laboratory Specialists (KLS) for confirmation testing. When questioned about the positive urine specimen, the subject admitted that a couple of days prior to 7/9/2007, she smoked methamphetamine with friends. The subject stated that she was offered methamphetamine and was unable to resist the temptation. She further explained that she was having a hard

Re:    **LUM-KING, Leslie Kapualeilani**
       **Criminal No. CR 05-00103SOM-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

time dealing with the stressors in her life and used the drug to temporarily escape her problems. The subject indicated that she believed she would benefit from mental health counseling.

The subject was informed that her use of methamphetamine was a serious violation of the conditions of her supervision and was warned that further abuse of illegal drugs would not be tolerated. Additionally, in an effort to rehabilitate the subject, the subject was referred to the Waimanalo Health Clinic for mental health counseling. On 7/11/2007, the subject began mental health counseling with clinical psychologist, Aukahi Austin. Furthermore, the subject was allowed to continue with the Drug Aftercare Program (DAP) at Freedom Recovery Services (FRS) and was required to re-start the highest phase of drug testing.

On 7/20/2007, KLS reported that the subject's urine specimen submitted on 7/9/2007 was confirmed positive for methamphetamine.

### Violation No. 3 - Positive Drug Test for Methamphetamine, Marijuana and Cocaine on 8/10/2007:

On Friday 8/10/2007, the subject submitted a urine specimen at the U.S. Probation Office that was presumptively positive for methamphetamine, marijuana and cocaine. The specimen was forwarded to KLS for confirmation testing. When questioned about the positive urine specimen, the subject admitted that she had been using methamphetamine and marijuana for the past week and had smoked as recently as the early morning of 8/10/2007. She indicated that she wanted to stop smoking methamphetamine and was willing to enter into a residential drug treatment program. With regards to her use of cocaine, the subject indicated that she did not knowingly ingest any cocaine.

In an effort to address the subject's serious substance abuse problem, the subject was instructed to report to Hina Mauka to obtain a substance abuse assessment and to gain entry into their residential drug treatment program. The subject was warned that if she failed to seek entry into the Hina Mauka residential program and/or if she continued to abuse illegal drugs, this officer would initiate revocation proceedings.

On 8/20/2007, KLS reported that the subject's urine specimen submitted on 8/10/2007 was confirmed positive for methamphetamine, marijuana and cocaine.

Re:    **LUM-KING, Leslie Kapualeilani**
       **Criminal No. CR 05-00103SOM-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

### Violation No. 4 - Admitted Use of Methamphetamine and Marijuana on 8/16/2007, 8/17/2007 and 8/18/2007:

On 8/15/2007, the intake director at Hina Mauka confirmed that the subject appeared for a substance abuse assessment earlier that same day. She indicated that although the subject is appropriate for their residential treatment program, there was currently no bed space available. As a result, the subject would be required to call Hina Mauka daily and await the opening of bed space. Additionally, she informed this officer that during the intake process, the subject submitted a urine specimen which was presumptively positive for methamphetamine and marijuana.

As indicated under Violation No. 1, the subject was telephonically contacted and instructed to report to the U.S. Probation Office on 8/16/2007 to provide a urine specimen. The subject failed to appear on 8/16/2007.

On 8/20/2007, the subject appeared at the U.S. Probation Office and provided a urine specimen that was presumptively positive for methamphetamine, marijuana and cocaine. The specimen was forwarded to KLS for confirmation testing. When questioned about the positive urine specimen, the subject admitted that she smoked methamphetamine and marijuana on 8/16/2007, 8/17/2007 and 8/18/2007. The subject indicated that she is having a difficult time staying away from illegal drugs.

Re:    **LUM-KING, Leslie Kapualeilani**
       **Criminal No. CR 05-00103SOM-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

**Conclusion:**

Since the onset of supervision, the subject has been given ample opportunity to comply with the terms of her supervision and to address her drug addiction. Despite receiving the benefit of drug and mental health treatment, the subject has continued to abuse illegal drugs. Additionally, the subject has refused to report for drug testing and to appear for scheduled office visits. The subject's actions indicate that she is not able to conform her conduct to comply with the conditions of her supervision and that she poses a risk to the safety of the community. It is recommended that a no bail warrant be issued for her appearance before the Court to show cause why Supervised Release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

Re:     **LUM-KING, Leslie Kapualeilani**
        **Criminal No. CR 05-00103SOM-02**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT
CONSIDERATION**

None.

**ORIGINAL**

AO 245B (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII



# United States District Court
## District of Hawaii

OCT 1 2 2005

at 8 o'clock and 72 min. A M
SUE BEITIA, CLERK

'05 OCT 12 A11:15

UNITED STATES OF AMERICA

v.

**LESLIE KAPUALEILANI LUM-KING**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:  <u>1:05CR00103-002</u>
USM Number:  <u>91977-022</u>
<u>David Hayakawa, Esq.</u>
Defendant's Attorney

## THE DEFENDANT:

[✔]  pleaded guilty to count: <u>1 of the Indictment</u> .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 841(a)(1) and (b)(1)(A) and 18 USC 2 | Aiding and abetting the possession of 50 grams or more of methamphetamine with intent to distribute | 2/13/05 | 1 |

        The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]      The defendant has been found not guilty on counts(s)  ___  and is discharged as to such count(s).

[ ]      Count(s) ___ (is)(are) dismissed on the motion of the United States.

        It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

SEPTEMBER 29, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

10/11/05

Date

AO 245B (Rev. 12/03)  Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:05CR00103-002 | Judgment - Page 2 of 6 |
| DEFENDANT: | LESLIE KAPUALEILANI LUM-KING | |

# IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  TWENTY ONE (21) MONTHS  .

[✔]      The court makes the following recommendations to the Bureau of Prisons:
          1) Dublin; 2) 500 Hour Comprehensive Drug Treatment Program; 3) Educational and Vocational Programs.

[✔]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
          [ ] at ___ on ___.
          [ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
          [ ] before _ on ___.
          [ ] as notified by the United States Marshal.
          [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.


                                         _____
                                             UNITED STATES MARSHAL


                               By _____
                                           Deputy U.S.  Marshal

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

CASE NUMBER:        1:05CR00103-002
DEFENDANT:          LESLIE KAPUALEILANI LUM-KING
                                                                          Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS</u>.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court. The defendant to submit up to a maximum of one valid drug test per day as directed by the Probation Office.

[ ]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]      The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

         If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

         The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

CASE NUMBER:        1:05CR00103-002                                              Judgment - Page 4 of 6
DEFENDANT:          LESLIE KAPUALEILANI LUM-KING

# SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant participate and comply with substance abuse treatment, which includes drug
    and alcohol testing in a program approved by the Probation Office. The defendant is to refrain
    from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant execute all financial disclosure forms requested by the Probation Office and
    provide access to any requested financial information.

3.  That the defendant shall submit her person, residence, place of employment, or vehicle to a search
    conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based
    upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.
    Failure to submit to a search may be grounds for revocation. The defendant shall warn any other
    resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of
supervision set forth in this judgment and I fully understand
them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or
supervised release, the Court may (1) revoke supervision,
(2) extend the term of supervision, and/or (3) modify the
conditions of supervision.

_____        3/21/07
Defendant                               Date

_____        3/21/07
United States Probation Officer         Date

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 1:05CR00103-002 |
| DEFENDANT: | LESLIE KAPUALEILANI LUM-KING |

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]    The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $ _ | $ _ | |

[ ]    Restitution amount ordered pursuant to plea agreement  $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]    the interest requirement is waived for the          [ ] fine          [ ] restitution

    [ ]    the interest requirement for the          [ ] fine          [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:          1:05CR00103-002
DEFENDANT:            LESLIE KAPUALEILANI LUM-KING

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance        [ ] C,    [ ] D,    [ ] E, or  [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with      [ ] C,      [ ] D, or  [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of  _ (e.g., months or  years), to commence
            _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of  _ (e.g., months or  years), to commence
            _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.
            The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility
Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and
       corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5)
fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.